PEARL W. DAHL, EXECUTRIX OF THE ESTATE OF CHESTER T. DAHL, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81962. Promulgated January 19, 1937.

*Ezra W. Decoto, Esq.,* and *J. Meredith Wortz, Esq.,* for the petitioner.

*Dean P. Kimball, Esq.,* for the respondent.

284

OPINION.

SMITH: In this proceeding the petitioner contends that the corpus of the trust created by Chester T. Dahl on December 16, 1929, was erroneously included by the respondent in the gross estate in the determination of the deficiency. She contends that at the time the trust was created the estate tax law in force did not require the inclusion in the gross estate of the value of the corpus of an irrevocable trust of the character created by the decedent on December 16, 1929; that the amendment to section 302 (c) of the Revenue Act of 1926 effected by Joint Resolution 529 of March 3, 1931, and by section 803 (a) of the Revenue Act of 1932, was not intended to be retroactive; and that if such amendment is to be retroactively construed to include a transfer of the character above described, the amendment is unconstitutional.

Section 302 (c) of the Revenue Act of 1926, which was in effect in 1929, required the inclusion in the gross estate of the value of any interest in property at date of death:

\* \* \* of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*

Section 302 (h) of the same act provided that subdivision (c) of the act should:

\* \* \* apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

The respondent argues that the interests created under the trust deed of December 16, 1929, were intended to take effect in possession or enjoyment at or after death and that they are therefore includable in the gross estate. He argues that the interests of the beneficiaries of the trust were not vested prior to the date of death of the decedent; that upon the death of the decedent they became vested; and that therefore the value of the corpus of the estate at death of decedent is includable in the gross estate.

The argument of the respondent overlooks the incidence of the estate tax. The estate tax is an excise tax upon the transfer of the net estate. It does not tax the interest to which some person succeeds on a death, but the interest which ceases by reason of death.

*Y. M. C. A.* v. *Davis*, 264 U. S. 47; *Edwards* v. *Slocum*, 264 U. S. 61. If no property or interest in property passed at the date of death (except in case of property transferred in contemplation of death), there is no value in any property right upon which the estate tax falls.

The parties have stipulated that the trust created by the decedent was not created in contemplation of death. At the time of the transfer in 1929 the decedent parted with all right, title, and interest in and control of the corpus of the trust fund. He retained only a right to receive the income for life. Upon his death that right ceased and became valueless. The facts in this case are in all respects similar to those which obtained in *May* v. *Heiner*, 281 U. S. 238. It was there held:

> The transfer of October 1, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent. At the death of Mrs. May no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event.

The opinion of the Court in the above cited case was immediately followed by and relied upon in *Burnet* v. *Northern Trust Co.*, 283 U. S. 782; *Morsman* v. *Burnet*, 283 U. S. 783; and *McCormick* v. *Burnet*, 283 U. S. 784.

Upon the authority of the above cited cases it must be held that the property conveyed by the decedent to the trustee on December 16, 1929, passed as of that date; that the value of the decedent's interest in the property reached the vanishing point at the date of the death of the decedent; and accordingly that no interest in property passed at his death.

It further must be held that the transfer completed on December 16, 1929, was not one "intended to take effect in possession or enjoyment at or after his death." The transfer from the decedent took effect on December 16, 1929, and not at the date of the death of the decedent on May 24, 1933. See *Tait* v. *Safe Deposit & Trust Co. of Baltimore*, 74 Fed. (2d) 851; *Helvering* v. *St. Louis Union Trust Co.*, 75 Fed. (2d) 416; affd., 296 U. S. 39. In the last named case the Supreme Court said:

> If, therefore, no interest in the property involved in a given case pass "from the possession, enjoyment, or control of the donor at his death," there is no interest with respect to which the decedent has created a trust intended to take effect in possession or enjoyment at or after his death. * * *

The respondent argues that, since the enjoyment of the income of the estate was in the decedent up to the date of his death, when it vested in another, there was such a shifting of economic benefits in

the property (cf. *Chase National Bank* v. *United States*, 278 U. S. 327; *Tyler* v. *United States*, 281 U. S. 497) as warrants the inclusion of the value of the transferred property in the gross estate of the decedent. This argument is contrary to the reasoning of the above cited cases and is sufficiently answered by them—unless by reason of amendments made to section 302 (c) between the date of the creation of the trust and the date of death a different legal principle should be applied.

As the law stood on December 16, 1929, the transferred property was not required by the provisions of the estate tax act to be included in the gross estate. The first sentence of section 302 (c) of the 1926 Act was amended by Joint Resolution 529, approved March 3, 1931, to read as follows:

(c) To the extent of any interest therein of which the decedent *has at any time made a transfer*, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. [Italics supplied.]

The respondent, by Treasury Decision 4314, ruled that in view of numerous decisions of the Supreme Court the amendment made by Joint Resolution 529 would be "applied *prospectively* only, i. e., to such transfers coming within the amendment as were made *after* 10:30 P. M., Washington, D. C., time, March 3, 1931." See *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902.

Section 803 of the Revenue Act of 1932, approved June 6, 1932, provides in part:

SEC. 803. FUTURE INTERESTS.

(a) Section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of March 3, 1931, is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *"

In the Ways and Means Committee Report (Rept. 708, p. 46) and the Senate Finance Committee Report (Rept. 665, p. 49), on the bill

which later became the Revenue Act of 1932, each has the following to say with regard to the reasons for the enactment of section 803 of the Revenue Act of 1932:

The purpose of this amendment to section 302 (c) of the revenue act of 1926 is to clarify in certain respects the amendments made to that section by the joint resolution of March 3, 1931, which were adopted to render taxable a transfer under which the decedent reserved the income for his life. The joint resolution was designed to avoid the effect of decisions of the Supreme Court holding such a transfer not taxable if irrevocable and not made in contemplation of death. Certain *new matter has also been added,* which is *without retroactive effect.* [Emphasis supplied.]

Then follows an explanation of the changes made. Article 18 of Regulations 80, promulgated November 7, 1934, provides that a transfer of the character of that made by the decedent on December 16, 1929, if made subsequent to September 8, 1916, is taxable, unless the transfer was made prior to 10:30 p. m., eastern standard time, March 31, 1931, and the decedent died prior to 5 p. m., eastern standard time, June 6, 1932.

It is under the authority of the law as construed by the above entitled regulations that the respondent has included in the gross estate of the decedent the value of the principal and accrued income of the transferred property at the date of the death of the decedent.

In the light of the legislative history of the amendments made to section 302 (c) of the Revenue Act of 1926 by Joint Resolution 529 of March 3, 1931 (see *Elizabeth B. Wallace, Executrix, supra*), and by section 803 of the Revenue Act of 1932, we are of the opinion that it was not the intention of Congress that the amendments made were to be effective prior to the dates when they were made. Cf. *Jacob Schneider et al., Executors,* 35 B. T. A. 183. If the transfer involved in this proceeding had been made after the effective date of Joint Resolution 529, March 3, 1931, 10:30 p. m., there could be no question but that the value of the transferred property should be included in the gross estate of the decedent; for there appears to be no doubt that a transfer of the character of that here involved made after the effective date of the joint resolution should be included in the gross estate. In *Burnet* v. *Northern Trust Co., supra,* the Supreme Court said, *per curiam:*

The question in this case is that of the construction of section 402 (c) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 278, a provision similar to that of section 402 (c) of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1097, which has already been construed by this Court, and, in this view, there being no question of the constitutional authority of the Congress to impose prospectively a tax with respect to transfers or trusts of the sort here involved, the judgment of the United States Circuit Court of Appeals for the Seventh Circuit (43 F. (2d) 277) is reversed upon the authority of *May* v. *Heiner,* 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244.

The transfer made by the decedent on December 16, 1929, was of the same character as that involved in the case of *May* v. *Heiner*, *supra*.

We are also of the opinion that a grave constitutional question would be involved if the amendments made to section 302 (c) were to be applied retrospectively. In *Frew* v. *Bowers*, 12 Fed. (2d) 625, it was held that, if the statute there under consideration were to be construed as applicable retrospectively to trusts in which the interests of the remainderman had vested absolutely, although deferred in enjoyment until the settlor's death, the statute was unconstitutional and arbitrary; that, if the statute were so applied, the property of the remainderman would be used as a measure for the tax to be laid upon the decedent; and that where a tax laid on the estate was measured by property not belonging to the estate it was a direct tax and invalid if not apportioned. Certiorari was granted in this case, 273 U. S. 682, but was dismissed in the Supreme Court, 275 U. S. 578.

The reasoning of the Court in *Frick* v. *Pennsylvania*, 268 U. S. 473, was also along the same line and the reasoning of that opinion was applied in the case of *Frew* v. *Bowers*, *supra*. In *Nichols* v. *Coolidge*, 274 U. S. 531, the Supreme Court used the following language:

The statute requires the executors to pay an excise ostensibly laid upon transfer of property by death from Mrs. Coolidge to them but reckoned upon its value plus the value of other property conveyed before the enactment in entire good faith and without contemplation of death. Is the statute, thus construed, within the power of Congress?

Undoubtedly, Congress may require that property subsequently transferred in contemplation of death be treated as part of the estate for purposes of taxation. This is necessary to prevent evasion and give practical effect to the exercise of admitted power, but the right is limited by the necessity.

Under the theory advanced for the United States, the arbitrary, whimsical and burdensome character of the challenged tax is plain enough. An excise is prescribed, but the amount of it is made to depend upon past lawful transactions, not testamentary in character and beyond recall. Property of small value transferred before death may have become immensely valuable, and the estate tax, swollen by this, may leave nothing for distribution. Real estate transferred years ago, when of small value, may be worth an enormous sum at the death. If the deceased leaves no estate there can be no tax; if, on the other hand, he leaves ten dollars both that and the real estate become liable. Different estates must bear disproportionate burdens determined by what the deceased did one or twenty years before he died. See *Frew* v. *Bowers, Collector* (C. C. A.) 12 F. (2d) 625.

\* \* \* \* \* \* \*

\* \* \* And we must conclude that section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its

passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation. * * *

In view of the language used by the Committees of Congress in their reports setting forth the reasons for the enactment of section 803 of the Revenue Act of 1932, it must be assumed that they were fully aware of the decisions of the Supreme Court bearing upon the retrospective operation of the estate tax laws, and that the amendments made to section 302 (c) of the Revenue Act of 1926 were to be applied prospectively only.

The action of the respondent, in including in the gross estate of the decedent $54,937.50 representing the value of the corpus of the trust fund at the date of death of the decedent, is reversed.

In none of the briefs filed in this case is any reference made to the action of the respondent in including in the gross estate $949.87 representing the accrued income upon the trust fund at the date of death of the decedent. The deficiency notice attached to the petition clearly shows that this amount was included in the $55,587.37 which was stipulated to be the corpus of the above mentioned trust fund. This clearly was in error. The accrued income belonged to the estate of the decedent and was properly included by the respondent in the gross estate in the determination of the deficiency.

*Judgment will be entered under Rule 50.*