SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, EXECUTOR, ESTATE OF WILLIAM M. YOUNG, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81224. Promulgated October 8, 1937.

634

O. H. Chmillon, Esq., for the petitioner.
H. F. Noneman, Esq., for the respondent.

636

OPINION.

ARUNDELL: The respondent included in Young's gross estate the full value of the trust corpus at the date of death on the theory that the transfer in trust was one intended to take effect at or after death. By amended answer counsel for the respondent alleges as further reasons for the inclusion that (a) the transfer of October 29, 1924, was also made in contemplation of death and (b) that the enjoyment of the trust property was subject at the date of death to a change through the exercise of a power by the decedent to alter, amend, or revoke.

It should be noted at the outset that, while the parties speak of this case as involving "a transfer", there were in fact fourteen transfers. The one to which the parties address themselves is that of October 29, 1924. Thereafter thirteen additional transfers were made, all subject to the trust agreement of October 29, 1924, the dates of which are set forth in the findings of fact. For reasons hereinafter given some of the subsequent transfers become of importance in the case.

The contemplation of death issue raised by amended answer is not difficult. Speaking now of the original transfer in 1924, the parties have stipulated that the transfer "was not made in any expectation or apprehension of imminent death." They have also stipulated that at that time Young was, and for some time had been, in good health. The testimony of the trust company official who aided in preparing the agreement is to the effect that the primary consideration that prompted Young to create the trust was his desire to conserve his property and be relieved from the work and responsibility of managing it. This official further testified that he suggested that a trust would effect savings in administration costs on the death of Young. This is pointed to as establishing contemplation of death in the creation of the trust. But out of this circumstance we can spell out at the very most only "the general expectation of death which all entertain." *United States* v. *Wells*, 283 U. S. 102. We are unable to find in this casual reference to administration costs

that the thought of such costs, occasioned by death, was a controlling motive in the creation of the trust. The subsequent transfers are not shown to have been impelled by any other motive than that which prompted the original one. As to all of the transfers that were made prior to 1931, the burden is on the respondent to establish a contemplation of death motive as this fact issue was initiated by his answer. He has not met that burden. We have accordingly found as a fact that the transfers were not made in contemplation of death and hold that the value of the trust property is not includable in gross estate on that ground.

Section 302 (c) of the Revenue Act of 1926, which the respondent originally said was authority for inclusion of the trust property in the taxable estate, provides for the inclusion of transfers intended to take effect in possession or enjoyment at or after death. The cited section was amended by Joint Resolution of Congress, approved March 3, 1931, so as to include transfers under which the transferor reserved the income from the property or the right to designate who should possess or enjoy the property or the income therefrom. A further amendment was made by section 803 (a) of the Revenue Act of 1932, which for the purposes of this case may be considered a reenactment of the Joint Resolution.

Under section 302 (c) of the Revenue Act of 1926, as it read before amendment, the transfers would not be included in decedent's gross estate. Counsel for the respondent concedes that the decisions are against him on this point. The transfers of corpus were complete at the time thereof and the retention of income was not enough under the 1926 Act to bring the transfers within the provisions of transfers intended to take effect at or after death. *May* v. *Heiner*, 281 U. S. 238; *Commissioner* v. *Northern Trust Co.*, 41 Fed. (2d) 732; affd., 283 U. S. 782; *Charles W. Foster et al., Executors*, 26 B. T. A. 708; affd., C. C. A., 1st Cir., without opinion.

The provisions of the Joint Resolution of March 3, 1931, were designed to include, and do in so many words include, transfers such as we have here. However, those provisions are not to be applied retroactively, and do not reach transfers made prior to the date of the Resolution. *Mildred Kienbusch et al., Executors*, 34 B. T. A. 1248; *Pearl W. Dahl, Executrix*, 35 B. T. A. 282; *Welch* v. *Hassett*, 90 Fed. (2d) 833; Treasury Decision 4314. Under these holdings, the original transfer in trust, and the subsequent transfers subject to the same trust made prior to March 3, 1931, are not subject to inclusion in decedent's estate for tax purposes. Three transfers were made after March 3, 1931, to wit, $4,703.25 on March 31, 1932, $22,535 on November 7, 1932, and $2,412.75 on December 7, 1932. These transfers, being subject to the provisions of the original instrument which gave

the decedent the right to the income for life, come within the provisions of the Joint Resolution. See *Pearl W. Dahl, Executrix, supra; E. Pennington Pearson, Executor,* 36 B. T. A. 5. We are aware that the Circuit Court of Appeals for the Seventh Circuit, in *Bullard* v. *Commissioner,* 90 Fed. (2d) 144, intimates that the cited Joint Resolution and the amendment effected by section 803 (a) of the Revenue Act of 1932 are invalid as applied to a transfer in trust where the transferor retains only the income. This proceeding arises in another circuit, and, with all respect to the court in the seventh circuit, we feel that our position in the *Bullard, Dahl,* and *Pearson* cases is right and we should adhere to it until there is more authority to the contrary.

The final question under the main issue is whether the trust property is includable in gross estate under section 302 (d) of the Revenue Act of 1926. This section of the statute includes property transferred by the decedent, the enjoyment of which "was subject at the date of his death to any change through the exercise of a power by the decedent alone * * * to alter, amend, or revoke * * *." The power reserved which gives rise to the question here was that contained in the twelfth article of the trust agreement which reserved to the decedent the right to withdraw from the said trust up to the sum of $10,000 per annum. This right was cumulative, that is, if only $5,000 were withdrawn the first year, he could withdraw $15,000 the second year. According to the American Experience Table of Mortality, Inheritance Taxation, Federal Estate and Gift Taxes, 4th Ed., Gleason & Otis, p. 536, decedent's life expectancy at the time he created the trust was 5.11 years. He actually lived 8.46 years after October 29, 1924, or 3.35 years beyond his expectancy on that date. During this time he exercised his power to withdraw from the corpus $81,262.76 of the $84,600 that he had a right to withdraw. On the date of decedent's death, and that is the date mentioned in section 302 (d), *supra,* the trust estate was only subject to change through the exercise of a power by the decedent to revoke to the extent of $3,337.24. Beyond that, the enjoyment of the beneficiaries was, on the date of decedent's death, subject to no change whatever. Like the right to receive the income of the trust, the right to withdraw the amount of $3,337.24 ceased at death. We hold, therefore, that only $3,337.24 of the trust estate is includable in decedent's gross estate under section 302 (d) of the Revenue Act of 1926. Cf. *Daisy Christine Patterson, Executrix,* 36 B. T. A. 407.

Regarding one of the collateral issues, namely, the credit for gift taxes, the petitioner concedes that if the trust property is excluded from the gross estate, the credit for gift taxes should be disallowed.

In our opinion above we have excluded from the decedent's gross estate all of the trust property, except the value of the three transfers in 1932 and the $3,337.24 item to be included under section 302 (d) of the Revenue Act of 1926. The credit for gift taxes should be adjusted accordingly.

As to the other collateral issue, namely, the credit for state estate or inheritance taxes, counsel for respondent stated at the hearing that this would be adjusted in the computation to be submitted under Rule 50.

The deficiency should be recomputed in accordance with this opinion.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

HARRON dissents on the holding that none of the transfers made prior to March 3, 1931, are includable in gross estate under section 302 (c) of the Revenue Act of 1926.