ESTATE OF CLAYTON WILLIAM SHERMAN, DECEASED, ELIZABETH SHERMAN CARROLL, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10175. Promulgated October 7, 1947.

*Robert W. Wales, Esq.,* for the petitioner.
*Maurice S. Bush, Esq.,* for the respondent.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $9,870 in estate tax. The only issue for decision is whether the gross estate should include the value of 1,316 shares of Seaman Paper Co. stock which the decedent had transferred in trust during his life. The facts have been stipulated.

The decedent died on October 9, 1941, while residing in Illinois. The return was filed with the collector of internal revenue for the first district of Illinois.

The decedent created a trust on August 20, 1935, and transferred to it 1,316 shares of Seaman Paper Co. common stock. The trustees named were a son, a son-in-law, and the wife of the grantor.

The trust deed provided in part:

The Trustees shall pay in convenient installments the income of the Trust Estate to Georgie Carr Sherman, the wife of the donor, for and during her natural life. If in the opinion of the Trustees the income from said Trust Estate together with her other income shall be insufficient for the support of said Georgie Carr Sherman, then said Trustees may pay over to her such part of the principal of the Trust Estate as they may deem wise; provided, however, that no part of the principal of the Trust Estate shall be paid over to Georgie Carr Sherman, so long as Donor is living and legally competent, without his written consent thereto.

The principal was to go to the grantor's son and daughter, or to others, after the death of the wife.

The trust could not be altered, amended, or revoked by the decedent.

The trust was carried out. There was no income received on the trust property and the life beneficiary, the wife, received no distributions of income or principal until some time after the decedent died.

The decedent lived with his wife, paid all household expenses, and in every way supported his wife at all times material hereto up to his death.

The Commissioner, in determining the deficiency, held that the value of the trust corpus was a part of the gross estate, pursuant to section 811 (c) and (d) of the Internal Revenue Code, since the "decedent possessed certain interests in the corpus of said trust not terminable without reference to his death."

The parties have stipulated that the transfer was not made in contemplation of death.

The respondent contends that the transfer comes within the provision of section 811 (c) covering a transfer "under which he [the decedent] has retained for his life * * * the right to the income from the property." The respondent reasons that, if there had been any income from the trust, the decedent would have had a right under the terms of the trust to have that income used to support his wife; he, therefore, had a right to have the trust income used to discharge

his legal obligation to support his wife; and he thus retained for his life the right to the income from the trust property. The respondent cites *Douglas* v. *Willcuts*, 296 U. S. 1, for the proposition that a right to have income used to discharge an obligation of the donor is equivalent to the right to the income. This whole argument falls and needs no further discussion if, under a proper interpretation of the provisions of the trust, the wife was not limited or restricted in any way in the use of the trust income so that it can not fairly be said that the decedent had even this indirect right to the trust income.

The only provision of the instrument in regard to the use of the income of the trust was that it should be paid to the wife for life. No restriction or limitation was placed on her use of that income. The facts that the decedent had always been supporting her and continued to do so; the shares placed in the trust were not producing any income; and the principal was never used for the benefit of the wife, would indicate that the petitioner had no intention of being relieved of his obligation to support his wife through the means of this trust.

The respondent relies upon the provision that "If in the opinion of the Trustees the income from said Trust Estate together with her other income shall be insufficient for the support of said Georgie Carr Sherman, then said Trustees may pay over to her such part of the principal of the Trust Estate as they may deem wise; provided, however, that no part of the principal of the Trust Estate shall be paid over to Georgie Carr Sherman, so long as Donor is living and legally competent, without his written consent thereto." The respondent says this clearly shows that the decedent could require the use of the trust income for the support of his wife. The purpose of the provision is reasonably clear. It was to protect the wife in the case of any emergency or change in fortunes and to give her, under those circumstances, the benefit of the corpus if that became necessary. In *Suhr* v. *Commissioner*, 126 Fed. (2d) 283, reversing 41 B. T. A. 1270,[1] the court said, in interpreting a similar provision of a trust: "The fact that the grantor, in the exercise of caution, envisioning perhaps the possibility of a change in his fortunes, lodged in his trustee a discretion to invade the corpus of the trust for this purpose, is not enough to warrant a holding that the trust was executed in discharge of the grantor's common law, statutory, or moral obligation to support his wife." The provision in regard to the use of the corpus under certain extremities, upon which the respondent relies, does not expressly qualify or limit the previous sentence giving the wife the income for life and was not intended to qualify or limit her use of the trust income. The decedent knew that his wife could not be supported by a trust having no income.

---

[1] The case of *J. Edward Johnston,* 41 B. T. A. 550, had been cited and relied upon by the Tax Court in the *Suhr* case. It is not cited by the respondent in this case. The words used in the Johnston trust are somewhat different from those involved herein.

He must have intended that the benefit of the trust to her would develop later and he would continue to support her rather than that the corpus should be used at once for that purpose. The trust deed was never interpreted by any of the interested parties as requiring that either the income, of which there was none, or the corpus be used to support the wife and thus relieve the decedent of his obligation to support her. The trust instrument, when read as a whole, does not limit the wife's use of any income which may be received from the trust corpus and, consequently, the Commissioner's argument on this point falls for lack of factual support, if for no other reason.

The respondent's second contention is that the provision of section 811 (c) including in the gross estate *inter vivos* transfers of property "intended to take effect in possession or enjoyment at or after his death" applies. He says "the trust instrument provided that the corpus might be invaded for the support of the grantor's wife for which he had a continuing legal responsibility, and that hence it could not be determined until the death of the grantor whether any of the trust would pass to the remaindermen named in the trust instrument." This argument is difficult to understand. The trustees could invade corpus both before and after the death of the grantor if that was necessary for the support of the wife. They had that power during her life rather than during his. Furthermore, if it became necessary to give all of the corpus to the wife, so that none of it would go to the remaindermen, it would not fit into the words of the statute upon which the Commissioner relies, "intended to take effect in possession or enjoyment at or after his death"; rather, it would take complete effect in possession or enjoyment at the time the necessity arose in the life of the wife. This contention of the respondent does not require further consideration, in view of the fact that the factual basis for it does not exist.

The respondent's final argument is also difficult to follow. He points to the fact that the trustees had the power to use the principal of the trust under certain circumstances for the support of Georgie Carr Sherman, but so long as the decedent lived they could not in the exercise of that discretion pay over any part of the principal of the trust to her without his consent. He also points out that the trustees were closely related to the decedent. He argues from these facts that the trust should be included in the gross estate under that part of section 811 (d) (2) which provides that the gross estate shall include a transfer in trust "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke." The decedent reserved no power in himself to alter, amend or revoke this trust, and the power of the trustees to use the trust corpus for the support of the decedent's wife, if that ever became nec-

essary, taken in conjunction with the provision that they could not exercise that power during his life without his written consent, does not come within the quoted provision of the statute. A condition precedent would have to be fulfilled before anyone could exercise that power, i.e., the principal would have to be necessary for the support of the wife. The respondent cites no case in direct support of either of his last two contentions, and none has come to our attention. No part of the trust property was properly included in the gross estate.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TURNER, *J.*, dissents.

---

KERN, *J.*, concurring: While I concur in the result reached by the majority, it is my opinion that this case can not be satisfactorily distinguished from *J. Edward Johnston*, 41 B. T. A. 550, and *Robert C. Suhr*, 41 B. T. A. 1270; reversed 126 Fed. (2d) 283. Therefore, those cases should be expressly overruled and the statement should be made that, on the point here in issue, they will no longer be followed.

---

LEECH, *J.*, dissenting: This case and *Robert C. Suhr*, 41 B. T. A. 1270; reversed, 126 Fed. (2d) 283; and *J. Edward Johnston*, 41 B. T. A. 550, are all fact cases, it is true. It is possible that the *Suhr* case may be distinguishable. In my judgment, however, there is no sound basis upon which any real distinction can be drawn between the facts in this case and those in the *Johnston* case on the issue presented here. The majority opinion in this case does not even purport to overrule the *Johnston* case. Upon the authority of that case, I dissent.

---

HARLAN, *J.*, dissenting: I am unable to join in the majority opinion herein for the following reasons: The trust instrument was clearly worded so as to create a support fund for the settlor's wife; the majority opinion uses facts occurring after the creation of the trust instrument to interpret the trust instrument; the majority opinion fails to give needed consideration to a fact existing at the time of the creation of the trust instrument; and the majority opinion is so clearly in conflict with *J. Edward Johnston*, 41 B. T. A. 550, as to amount to a reversal thereof.

From the opinion we can only gather that at the creation of this trust, the income of which, "together with her other income," was devoted to the support of the settlor's wife, said wife actually had no other income. This fact draws no comment in the majority opinion. Up to the time of the creation of the trust the settlor had himself supported his wife from his own income. The trust instrument was

perfectly designed to remove this burden from the decedent settlor. The opinion states that the instrument did not actually so function because the stocks which constituted the corpus paid no dividends and the settlor "in every way supported his wife at all times material hereto up to his death." This latter fact is emphasized by repetition in the opinion and seems to have influenced strongly the majority in their conclusions.

Prior to the decision of *Helvering* v. *Stuart*, 317 U. S. 154, and the subsequent amendment of section 167 of the Internal Revenue Code by the addition of paragraph (c) thereto, the courts had frequently considered the amount of the trust income actually devoted to relieving the settlor of his legal obligations to support the beneficiary after the creation of the trust instrument, when the trust was being interpreted in the light of section 167. With the adoption of the amendment to section 167, this method of interpretation became recognized by statute.

However, the trust at bar is not being considered under section 167. We are here construing a trust under section 811 (c) and this section does not have any clause similar to section 167 (c). Without the benefit of this latter clause, it would seem to be well established that the character and purpose of a trust are to be determined by the trust instrument itself in the light of those facts only which existed at the time of the creation of the trust. See *Morrissey* v. *Commissioner*, 296 U. S. 344, 361; also *Helvering* v. *Stuart, supra*. In *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369, the Court said:

> The parties are not at liberty to say that their purpose was other or narrower than that which they formally set forth in the instrument under which their activities were conducted.

Our final objection to the majority opinion is that it in effect reverses *J. Edward Johnston*, 41 B. T. A. 550. In that case five trusts created by the taxpayer were for interpretation before the Court. Concerning the fifth trust, the Court says:

> In the trust for petitioner's wife, Mathilde, the trustee was directed to pay the net income to her "for and during her life, but if in the opinion of the Trustee said income be insufficient for her maintenance and support in the manner in which she has been accustomed to living, then said Trustee is hereby authorized and directed to pay over to her such part or parts of the corpus as it in the exercise of a liberal discretion towards her deems necessary for such purposes." The limitation on the right of the trustee to invade corpus for the wife, we think, effectively restricts her use of the income to support and maintenance. Accordingly, the rule of *Douglas* v. *Willcuts, supra*, applies and the income so paid to her is taxable to petitioner, settlor.

The only material factual difference between the case at bar and the facts concerning the fifth trust in the *Johnston* case is that in the *Johnston* case the court was considering income tax and in that case the wife-beneficiary had the power of revocation. We do not con-

sider either of these distinctions in fact material to the legal question involved, and we feel that, if this Court is to recognize legal precedents, the majority opinion herein is in error.

OPPER, *J.*, agrees with this dissent.