ESTATE OF EMANUEL STURMAN, DECEASED, LEON H. STURMAN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14524. Promulgated November 30, 1948.

*Rupert G. Fain, C. P. A.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

**OPINION.**

HARLAN, *Judge*: The Commissioner contends that the quoted provisions of the trust agreement require that all trust income payable to the wife *must* be for her maintenance and support and so it discharged a legal obligation of the settlor. Citing *Douglas* v. *Willcuts*, 296 U. S. 1, the Commissioner argues that the annual disbursement of $2,500 from the trust income is taxable to the settlor. He concedes that, if the payments for the support of Emanuel Sturman's wife were merely permissive on the part of the trustee, only those payments actually made for that purpose would be taxable in the income of Emanuel Sturman under the provisions of section 167 (c) of the

Internal Revenue Code.[1]  The stipulation also shows that none of the payments received by the beneficiary went for her maintenance and support.

The Commissioner bases his contention that the trust income is taxable to the trustor upon an interpretation of the trust agreement reached by eliminating the clause "payable in monthly installments" and then combining the directive to the trustee to pay the $2,500 annually to the wife with the permissive power granted the trustee to pay other sums to the wife according to the trustee's discretion. When so treated, the directive to the trustee would read:

To pay to Grantor's wife, Carrie Sturman, the sum of Twenty-five Hundred Dollars ($2,500.00) per year, together with any additional sums for the maintenance and support of said Grantor's wife as the Trustee shall in his own discretion deem fit or necessary.

Thus the phrase "for the maintenance and support" is brought in close proximity to the provisions for the $2,500 annual payment and, according to the Commissioner, this phrase would apply to all payments to be made by the trustee to the wife.

We can not accept this argument of the Commissioner.  The trust agreement seems to us to be clear in its provision for one definite annual payment of $2,500 to be paid to the wife, with no limitation or restriction attached thereto, together with a second series of payments to be made to the wife solely at the discretion of the trustee and in diminution of the amount that the trustee as beneficiary would otherwise receive.  These latter payments are to be made for the wife's maintenance and support.  Our conclusion on this point is supported by the sentence immediately following the one under interpretation in the quoted paragraph.  That sentence reads:

Should the income from said trust be insufficient to provide the above annual income for Grantor's wife or any additional sums for her maintenance and support as deemed fit or necessary by the Trustee, the Trustee is hereby empowered to make such payments out of the principal of said trust.

Thus the $2,500 payment is referred to as the wife's "annual income" and the "additional" discretionary payments are described as being "for her maintenance and support."

The stipulation filed herein strongly indicates that the parties to the trust agreement did not construe the $2,500 payment as being designed for Carrie Sturman's maintenance and support.  She deposited and retained all of the $5,000 received during the two years

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

    \*        \*        \*        \*        \*

   (c) Income of a trust shall not be considered taxable to the grantor \* \* \* merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. \* \* \*

involved, with the exception of $157.34, in her own private savings account. Had her husband intended, or the trustee considered such $2,500 to be for the beneficiary's maintenance and support, such treatment of the income by the beneficiary would hardly have occurred.

In *Suhr* v. *Commissioner*, 126 Fed. (2d) 283, a husband created a trust for the benefit of his wife and her sons, wherein he provided that the income from the trust estate, consisting of stock, be paid to his wife during her lifetime, and also provided that the trustee might, in his sole discretion, pay to his wife during her lifetime, in addition to the income from the trust estate, "such part of the principal of the trust estate as second party (the trustee) shall deem necessary to properly care for and support her * * *." Answering the contention that the doctrine of *Douglas* v. *Willcuts* should be applied, the Circuit Court of Appeals for the Sixth Circuit said:

> The decision in *Douglas* v. *Willcuts* is not applicable to sustain the present tax. There is nothing in the trust instrument to support an inference that the trust was in discharge of the grantor's legal obligation to support his wife. There was no agreement by her that the benefits of the trust were to relieve him of such obligation, nor was any of the income of the trust used for maintenance or support. The fact that the grantor, in the exercise of caution, envisioning perhaps the possibility of a change in his fortunes, lodges in his trustee a discretion to invade the corpus of the trust for this purpose, is not enough to warrant a holding that the trust was executed in discharge of the grantor's common law, statutory, or moral obligation to support his wife. * * * There is no similarity between the present trust and the alimony trusts adjudicated in *Douglas* v. *Willcuts*, and other cases, wherein the payments provided are expressly or by clear implication, with the assent of the parties or by command of the court, established for support, maintenance or in release of dower. The present taxpayer continued to perform his statutory and moral duty apart from the trust distributions. * * *

In 1940 the Board of Tax Appeals decided the case of *J. Edward Johnston*, 41 B. T. A. 550, involving the taxability of the income of five trusts, in one of which the trustee was directed to pay the net income to the trustor's wife:

> * * * for and during her life, but if in the opinion of the Trustee said income be insufficient for her maintenance and support in the manner in which she has been accustomed to living, then said Trustee is hereby authorized and directed to pay over to her such part or parts of the corpus as it in the exercise of a liberal discretion towards her deems necessary for such purposes.

The Board said therein that:

> * * * The limitation on the right of the trustee to invade corpus for the wife, we think, effectively restricts her use of the income to support and maintenance.

Although the *Johnston* case was decided under the provisions of section 167 of the Revenue Act of 1934 and was decided without the benefit of section 167 (c) of the code, which was adopted in 1942,

894

if the reasoning in the *Johnston* case should be considered in conflict with the reasoning herein, so much thereof as is in conflict with this decision will not hereafter be followed. See also *Estate of Clayton Wm. Sherman*, 9 T. C. 594.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

LEECH and KERN, *JJ.*, concur only in the result.

TURNER, *J.*, dissents.