Estate of Edmond J. Lindsay, Thomas C. Lindsay, Executor v. Commissioner.
Estate of Edmond J. Lindsay v. Commissioner
Docket No. 30193.
United States Tax Court
1952 Tax Ct. Memo LEXIS 213; 11 T.C.M. (CCH) 514; T.C.M. (RIA) 52154; May 21, 1952
*213 Richard R. Teschner, Esq., 411 East Mason St., Milwaukee, Wis., for the petitioner. Julian L. Berman, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $15,618.27 in estate tax. The petitioner assigns as error the action of the Commissioner in determining that a transfer by the decedent to a trust was made in contemplation of his death within the meaning of section 811 (c) (1) (A). The Commissioner has pleaded and contends that the transfer was within section 811 (c) (1) (B). Findings of Fact The decedent was born on September 14, 1878, and died testate on June 8, 1946, while residing in Wisconsin. He was survived by his widow, Gertrude K. Lindsay, three sons, and a daughter, all born prior to 1912, except one son who was born July 16, 1920. The estate tax return was filed with the collector of internal revenue for the district of Wisconsin. The decedent and his wife had been having marital difficulties and lived apart at all times material hereto. He provided his wife and children with a home and money for their support, but he was slow in providing them with funds. The wife had served upon *214 the decedent in 1929 a summons and complaint petitioning for a divorce. A brother, who knew that the decedent was about to receive an inheritance, had an attorney suggest to the decedent that he create a trust with a part of the expected inheritance so that the wife would be better satisfied and could be persuaded to drop the divorce proceeding. The decedent executed a deed of trust on January 22, 1937, and transferred property having a value of about $55,000 to that trust. He named a bank as trustee. He retained no powers over the trust or trust property. The trust contains a recital that the donor desires to create a trust for the purpose of facilitating the proper investment of his estate and the equitable distribution of the income arising therefrom. The trustee was to pay the income of the trust to Gertrude during her life and up to $1,500 a year from principal if deemed "necessary for her best interests." The trust was to be divided into four equal parts after Gertrude's death, one part for each child, until each child reached certain ages. The trustee was given broad powers to handle the trust property. Article XII provided that Gertrude's interest in the trust should cease *215 upon the death of the donor unless she filed with the trustee a disclaimer of all her dower and statutory rights in the estate of the donor, except for homestead rights, within six months after his decease, but if she filed such a disclaimer, then her rights in the trust were to continue. Gertrude filed such a disclaimer on July 30, 1946. The decedent, on January 22, 1937, executed a document reciting that Gertrude had delivered to him a quit claim deed for the homestead premises, but retained homestead rights to the premises as long as she remained the wife of the grantee and thereafter remained unmarried. The decedent agreed in the instrument that he would pay all taxes, insurance, and necessary improvement costs on the premises while they were occupied as a homestead by Gertrude and would not dispose of the premises unless he provided a satisfactory substitute. The divorce action was dismissed as a part of the agreement between the decedent and Gertrude in connection with the establishment of the trust. The decedent and his wife continued to see and visit one another after January 1937. The decedent continued to maintain the homestead for his wife and minor child and he paid *216 some of their expenses from his own funds after January 1937. The Commissioner, in determining the deficiency, determined that the transfer of property in trust on January 22, 1937 was made by the decedent in contemplation of death within the meaning of section 811 (c) (1) (A) and included $55,097.21 in the gross estate on that account. The Commissioner concedes that the decedent was in good health at the time he created the trust and the transfer to the trust was not made in contemplation of death in the sense that the decedent had any thought of impending death due to his physical condition at that time. The transfer made on January 22, 1937 was not made for the purpose of avoiding estate tax, as a substitute for a testamentary disposition of the property, or for any other motive associated with death, and was not made in contemplation of death within the meaning of section 811 (c) (1) (A) of the Internal Revenue Code. The decedent, under the trust created on January 22, 1937, did not retain for his life, for any period not ascertainable without reference to his death, or for any period which did not in fact end before his death, the possession or enjoyment *217 of, or the right to the income from the property within the meaning of section 811 (c) (1) (B). The facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The record fails to indicate any justification for the determination of the Commissioner that the transfer in trust on January 22, 1937 was made in contemplation of death within the meaning of section 811 (c) (1) (A). The Commission has conceded that the decedent was in good health at that time and was not prompted to make the transfer by any thought of impending death due to his physical condition. His death occurred years later from a cerebral hemorrhage. The record is clear that the transfer was not made for the purpose of avoiding estate tax, as a substitute for a testamentary disposition of the property, or for any other motive associated with death. Its purpose was to relieve partially the strained marital relations between the decedent and his wife, by giving her some income of her own, and to cause her to drop the divorce action which was offensive to the decedent and other members of his family. That, of course, was a purpose connected with life rather than with death. *218 The Commissioner has made an affirmative plea in order to support his determination. It is that the decedent retained for his life and for a period which did not in fact end before his death the enjoyment of or the right to the income from the property within the meaning of section 811 (c) (1) (B), in that he had a right to have the income from the property used to discharge his obligation to support his wife and minor child. This contention is entirely different from the theory upon which the deficiency was determined, it represents new matter, and it places upon the Commissioner the burden of proof. Security-First National Bank of Los Angeles, Executor, 36 B.T.A. 633; Wentworth Manufacturing Company, 6 T.C. 1201. The trust agreement contains no provision requiring that the income be used by the wife for any particular purpose. The only provision of the instrument in regard to the use of the income is that it be paid to the wife for her life. No restriction or limitation was placed on her use of that income. The evidence fails to show the amount or the use of the income for any year or that it actually relieved the petitioner to any extent of his obligation *219 to support and maintain his wife and minor child. While it does not show affirmatively that he fully supported them from his own funds, it does show that he used his own funds to supply them with food, to pay medical bills, and to pay the taxes, insurance, and upkeep on their home. It is entirely possible, so far as this record shows, that he used his own funds to meet entirely his obligation to support and maintain his wife and minor child. The Commissioner has failed to sustain his burden of proof in order to show that the decedent retained the enjoyment of or the right to the income from the trust property within the meaning of section 811 (c) (1) (B) for any period. Estate of Clayton William Sherman, 9 T.C. 594, petition for review dismissed on motion of the Commissioner. The parties have agreed to settle an issue in regard to expenses. Decision will be entered under Rule 50.